

**SO ORDERED.**

**SIGNED this 24 day of October, 2006.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| JASON CHRISTOPHER BRADLEY | 06-00959-5-ATS |
| DEBTOR | |

**ORDER DENYING CREDITOR'S MOTION TO DISMISS**

The matter before the court is Citizens Bank's motion to dismiss this case pursuant to 11 U.S.C. § 707(b). A hearing took place in Raleigh, North Carolina on October 24, 2006.

Jason Christopher Bradley filed a petition for relief under chapter 7 of the Bankruptcy Code on June 29, 2006. On August 11, 2006, Citizens filed its motion to dismiss, contending that Mr. Bradley's bankruptcy filing is an abuse of the Bankruptcy Code. In support of its motion, Citizens contends that it held a lien on a vehicle owned by Mr. Bradley, that the lien was erroneously released and the title returned to Mr. Bradley when substantial sums remained owed on the debt, and that Mr. Bradley fraudulently sold the vehicle when he knew

there was an outstanding balance due and that the title was released in error.

Mr. Bradley testified that he was having financial difficulties in 2004 as a result of domestic issues and the loss of a job. He received several calls from Citizens about the delinquency of his account, as well as someone claiming to be from a guaranty company explaining that it would be required to pay for the car if Mr. Bradley failed to make his payments. Mr. Bradley testified that he was very candid about his inability to make the payments. Mr. Bradley also received calls from a towing company about repossessing the car, and Mr. Bradley testified that he gave the callers the address where the car was located to assist them with picking up the vehicle. The vehicle was never repossessed; instead, Mr. Bradley received a letter dated November 1, 2004, stating that the loan had been paid in full and that the lien had been released. The title was enclosed, with a notation that the lien was released.

Mr. Bradley further testified that after receiving the title, he called his uncle (an attorney) to determine what his rights and obligations were. Mr. Bradley and his uncle assumed that the guaranty company that called Mr. Bradley had satisfied the loan, and while Mr. Bradley still owed the money to someone, he had the title to the vehicle and could act accordingly. Because the vehicle needed substantial repairs that he could not afford, Mr. Bradley traded in the

car for another vehicle.  Mr. Bradley had no further contact from Citizens, the guaranty company, or the towing company until January 23, 2006, when Citizens filed a civil action against Mr. Bradley for money owed.  In response, Mr. Bradley consulted with counsel to learn of his options, including bankruptcy.

Citizens contends that because Mr. Bradley knew that he still owed substantial money for the vehicle and that Citizens had contacted him about his payments and repossessing the vehicle, the transfer of the vehicle when the title was erroneously released was fraudulent and that this fraud demonstrates abuse of the Bankruptcy Code.  Mr. Bradley contends that first, there was no fraud, and second, the appropriate relief for Citizens is through an adversary proceeding to except this debt from discharge pursuant to 11 U.S.C. § 523(a)(2).

Section 707(b)(3) provides that to determine whether granting relief would be an abuse of chapter 7, a court is to consider "(A) whether the debtor filed the petition in bad faith; or (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse."  11 U.S.C. § 707(b)(3).

When Mr. Bradley filed his petition at the end of June 2006, Citizens was the largest unsecured creditor with a claim in the amount of $32,080.80.  Mr. Bradley also listed additional unsecured debts totaling $100,500, including credit cards and medical bills.  While Citizens' claim is substantial, there were clearly many other creditors

that Mr. Bradley could not pay.  Bankruptcy was an appropriate solution for Mr. Bradley, and the court does not find any bad faith or that the totality of the circumstances demonstrates abuse.

Citizens may have had a basis to object to the dischargeability of the debt under § 523(a)(2), and Mr. Bradley may have a sufficient defense to a fraud claim; however, Citizens chose not to pursue that remedy and the time for filing a complaint to determine the dischargeability of the debt has passed.  This is not a situation that requires dismissal for abuse, and the motion to dismiss is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**